**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

**VIRGINIA STATE BAR EX REL.**
**FIRST DISTRICT COMMITTEE**
**VSB DOCKET NO. 23-010-127908**

        **Complainant,**

v.                                                                              **Case No. CL2600242T-00**

**PHILIP LOYD BRADFIELD**

        **Respondent.**

### FINAL JUDGMENT MEMORANDUM ORDER

THIS MATTER was heard on April 17, 2026 before a Three-Judge Circuit Court duly impaneled pursuant to Section 54.1-3935 of the Code of Virginia (1950) as amended, consisting of the Honorable Matthew P. Snow of the Twentieth Judicial Circuit as Chief Judge Designate ("Chief Judge"), the Honorable Ray P. Lupold, III, of the Eleventh Judicial Circuit as Judge, and the Honorable J. William Watson, Jr., of the Tenth Judicial Circuit as Judge (collectively, "the Court").

Assistant Bar Counsel Seth T. Shelley represented the Virginia State Bar ("VSB"). Respondent Philip Loyd Bradfield ("Respondent"), having received proper notice, appeared in person at all times throughout the proceedings and acted *pro se*.

The Chief Judge swore the court reporter, and each member of the Court verified that they had no personal or financial interest that might affect or reasonably be perceived to affect their ability to be impartial in this matter.

WHEREUPON a hearing was conducted upon the Rule to Show Cause issued on January 14, 2026 against Respondent. The Rule directed Respondent to appear and to show cause why

his license to practice law in the Commonwealth of Virginia should not be suspended, revoked, or otherwise sanctioned in accordance with Part Six, Section IV, Paragraph 13 of the Rules of the Supreme Court of Virginia by reason of the allegations of ethical misconduct set forth in the Certification issued on December 3, 2025.

## MISCONDUCT PHASE

The Court admitted into evidence VSB Exhibits 1-19 and Respondent's Exhibits 1-3 at the onset of the hearing. Additionally, the Court admitted into evidence the previously filed Stipulations of Fact and Violations as VSB Exhibit 20.[1] Thereafter, the parties presented opening arguments.

During the Misconduct phase, the VSB called the following witnesses:

1. George E. Barrett, III; and

2. VSB Investigator Jennifer Collins.

Thereafter, the VSB rested.

Respondent did not submit additional evidence and then rested.

At the conclusion of all the evidence in the Misconduct phase, counsel presented closing arguments to the Court, and the Court thereafter retired to deliberate.

Upon due deliberation and consideration of the parties' exhibits, witness testimony, stipulations, and the arguments of counsel, the Court found that the following facts were proven by clear and convincing evidence.

## FINDINGS OF FACT

1. Respondent was admitted to the VSB in 1989. At all relevant times, Respondent was a member of the VSB.

---

[1] Respondent stipulated to paragraphs 1-42 of the factual allegations contained within the Certification and to violating Virginia Rules of Professional Conduct 1.3(a), 1.4(a), 1.4(b), 1.15(a)(1), 1.15(c)(1), 1.15(c)(2), and 1.15(c)(4).

2.    In June 2020, George E. Barrett, III ("Complainant") was terminated from his position with Huntington Ingalls Industries ("HII"). In April 2021, Barrett retained Respondent to assist in filing suit against HII.

3.    The fee agreement indicates that Respondent charged a "$3,000 retainer" at $250 per hour.[2] The agreement stated that Respondent would deposit the fee into his trust account. When interviewed, Respondent acknowledged that he deposited the fee into his operating account and used the funds to pay operating fees of his law firm.

4.    On April 12, 2021, Respondent sent a letter to an investigator at the Equal Employment Opportunity Commission ("EEOC"). The letter stated that Respondent had been retained by Complainant to represent him "in the above referenced pending EEOC claim." The letter noted that Respondent was providing notice of representation to counsel for HII as well.

5.    On July 2, 2021, Respondent sent Petitioner's Response to Respondent's Position Statement to the EEOC investigator. Respondent provided a copy to Complainant by email on July 16, 2021.

6.    Complainant reported that he had difficulty contacting Respondent after retaining him, despite his attempts to communicate with Respondent and obtain information regarding his case. In an email dated March 18, 2022, Respondent apologized for "the delay in getting back to you with an update on your case" and stated that he had misplaced Complainant's file and documents related to his case because of a recent move.

7.    Complainant requested an update on October 23, 2022, and indicated that it had "been months" since he "received any update or any information." On November 3, 2022, Complainant wrote that he wished to have a refund if Respondent was not going to communicate with him. Respondent did not respond to the emails.

8.    On January 3, 2023, Complainant filed a bar complaint. Complainant wrote that he had been abandoned by Respondent and that Respondent would not return phone calls.

9.    On January 16, 2023, Respondent filed a response to the bar complaint. Respondent included a letter addressed to Complainant that he also sent to VSB Deputy Intake Counsel Jane Fletcher. Respondent wrote that Complainant's "wrongful termination

---

[2] Although the fee agreement described the fee as a retainer, it was a flat fee.

lawsuit based on breach of contract is pending in Newport News Circuit Court." Respondent noted that the case was set for "civil term date… on Monday, March 13, 2023" and that he would appear and "schedule a future jury trial date."

10. Respondent had not filed a lawsuit in Newport News Circuit Court prior to January 16, 2023.

11. On January 19, 2023, Intake Counsel dismissed the bar complaint based upon Respondent's letter dated January 16, 2023.

12. On March 2, 2023, Respondent emailed Complainant in response to a voicemail from Complainant. Respondent said that Complainant was "welcome to attend the term day on Monday, March 13th" related to his case. Respondent wrote that "[a] judge or more likely one of the clerks of court will simply schedule a future trial date."

13. On March 10, 2023, Respondent informed Complainant by email that the judicial coordinator with Newport News Circuit Court had postponed the term date in Complainant's case to May 8, 2023. Respondent said he planned to speak to the judicial coordinator soon and request that he be permitted to "informally schedule a trial date without having to wait for the May term date." Respondent said he would contact Complainant soon to "go over our discovery responses."

14. On May 16, 2023, Complainant emailed and asked Respondent what occurred at the term date. Respondent replied to the email that day and said a jury trial was scheduled for April 25-26, 2024. Respondent indicated he would like to meet with Complainant to review "information to answer the other side's written discovery."

15. On March 7, 2024, Complainant emailed Respondent about preparing for court "since my court date is approaching next month."

16. On April 5, 2024, Respondent emailed Complainant and apologized "for taking so long to get back to you." Respondent described health issues that had prevented him from working. Respondent said the Complainant's "late April trial date and a number of pretrial deadlines on your case…have unfortunately been postponed."

17. On June 6 and 13, 2024, Complainant emailed Respondent and requested an update on his case. Respondent did not respond.

18. On June 22, 2024, Complainant wrote in an email to Respondent that he had attempted to contact him without success and requested that Respondent contact him regarding his case.

19. On June 24, 2024, Respondent filed a Complaint against HII on behalf of Complainant in Newport News Circuit Court, alleging that HII breached the terms of Complainant's employment contract by terminating him.[3]

20. On June 24, 2024, Respondent emailed Complainant and apologized for the delay in responding to Complainant. Respondent wrote that "[y]our lawsuit is George E. Barrett, III v. Huntington Ingalls Incorporated & Huntington Ingalls Industries, Inc. Case No. 700CL03601B00."[4]

21. On December 26, 2024, Complainant emailed Respondent and requested an update.

22. On December 31, 2024, Complainant in an email to Respondent requested a call to discuss his case.

23. On January 2, 2025, Respondent informed Complainant that he had been out of town for the holidays but would contact him regarding his case.

24. On January 12, 2025, Complainant requested that Respondent call him.

25. On January 17, 2025, Respondent indicated he would "contact [Complainant] middle of next week."

26. On February 14, 2025, Complainant wrote in an email to Respondent that his case had been "tr[e]ading water for about 4 years now" and he needed to know his options so that he could move forward.

27. On February 27, 2025, Complainant emailed and requested that Respondent contact him.

28. On April 1, 2025, Complainant emailed Respondent and said he had been attempting to reach him. Complainant said he was "waiting for your reply."

29. On April 15, 2025, Complainant emailed Respondent and asked him to contact him. Complainant provided his phone number.

---

[3] The cover letter to the Complaint erroneous indicates the date as July 24, 2024.
[4] The case number associated with the Newport News Circuit Court case is CL2403601B-00.

30. On April 17, 2025, Complainant contacted the VSB regarding his difficulty communicating with Respondent and provided supporting documentation.[5] The VSB provided the documents to Respondent and requested a response.

31. On May 13, 2025, Respondent wrote to Complainant and apologized for "not contacting sooner regarding your case." Respondent stated that he would "fast track" Complainant's case and resolve it within six months. Respondent offered to complete the matter "at no charge to you." However, Respondent asserted that the bar complaint would "interfere with and impede my ability to effectively work on and progress your case." Respondent asked Complainant to "contact the Virginia State Bar and withdraw the complaint so that I can proceed to fast track & resolve your case within approximately the next six months."

32. On May 14, 2025 at 8:45 a.m., Complainant responded to Respondent's email and said he would "accept your offer to complete my case." Complainant said he would contact the VSB and withdraw the complaint.

33. On May 14, 2025 at 11:09 a.m., Complainant left a voicemail with the VSB, indicating that he wished to withdraw the bar complaint.

34. On May 22, 2025, Respondent emailed the VSB. Respondent stated that Complainant informed him that he had requested the withdrawal of the bar complaint. Respondent asserted that Complainant had asked that Respondent continue to represent him. Respondent requested dismissal of the bar complaint.

35. On June 6, 2025, the VSB issued a subpoena *duces tecum* to Respondent in this matter. The subpoena requested documents related to Complainant's case, including "your entire client file," all emails and communications with his client, and all trust account and operating account records.

36. On June 9, 2025, Respondent submitted a response to the bar complaint. Respondent stated that he understood Complainant's concern regarding communication and the "considerable time" to resolve his case. Respondent wrote that he had been taking care of his elderly, ill father and had experienced his own health issues during the representation of Complainant. Respondent stated that Complainant had requested the withdrawal of the bar complaint, that Complainant requested Respondent's continued representation, and that he (Respondent) wished to resolve Complainant's case quickly. Respondent again requested that the bar complaint be dismissed.

---

[5] The prior bar complaint was reopened by VSB Intake.

37. On July 8, 2025, Respondent provided a response to the subpoena *duces tecum*. The response failed to include the email exchange between Respondent and Complainant on May 13 and 14, 2025, regarding Respondent's proposal that Complainant withdraw the bar complaint in exchange for Respondent's continued representation. Respondent did not provide any documents related to his trust account or operating account, such as receipts, a client ledger, or disbursements journal.

38. When interviewed by a VSB investigator on October 14, 2025, Respondent admitted that he lied to his client. Respondent admitted that the letter sent to Complainant and the VSB on January 16, 2023, was "not accurate" and that he had not filed suit prior to that date. Respondent admitted that Complainant's case was not before the Newport News Circuit Court at term day in April or May 2023, as he had informed Complainant in March 2023, because no lawsuit had been filed. Respondent admitted that his email to Complainant on April 5, 2024, was "not accurate" because there was no pending case when he wrote that Complainant's "late April trial date" had been postponed.

39. Respondent stated that, after filing suit on June 24, 2024, he has not completed work on Complainant's case. Respondent admitted he has not served the defendant. Respondent said he intends to non-suit the matter and re-file the lawsuit.

40. When asked about his proposal to Complainant to withdraw the bar complaint, Respondent said that he did not limit the right of his client to pursue a complaint.

41. Respondent said he closed his law firm in 2021. Respondent then worked at the Pendleton Law Firm for a year and then at McDonald and Associates. In July 2023, he began working at the Newport News City Attorney's Office.

42. Complainant was interviewed on September 16, 2025. Complainant stated that he does not know the status of his case and does not know if the statute of limitations has passed. Complainant said progress on his case was slow and communication was poor throughout the representation. Complainant said he believed, based on Respondent's representation, that a lawsuit had been filed prior to January 16, 2023. Complainant later learned that the case was not filed until June 24, 2024. Complainant said he does not trust Respondent because he lied.

## FINDINGS OF MISCONDUCT

Based on the foregoing findings of fact and stipulations, the Court found that the VSB proved by clear and convincing evidence that Respondent violated the following Virginia Rules

of Professional Conduct: 1.1, 1.3(a), 1.4(a), 1.4(b), 1.15(a)(1), 1.15(c)(1), 1.15(c)(2), 1.15(c)(4), 8.1(a), 8.4(c), and 8.4(f).

The Court found that the VSB failed to prove by clear and convincing evidence the following violations of the Virginia Rules of Professional Conduct: 1.15(b)(5).

## SANCTIONS PHASE

The Court then convened the sanctions phase of the proceeding. The parties presented opening statements. The VSB presented the testimony of George E. Barrett, III. The VSB moved into evidence VSB Ex. 22, a Certification of Respondent's prior disciplinary record in Virginia.

Respondent testified on his own behalf during the sanctions phase of the proceeding and presented the testimony of Darlene Bradberry and Macon Whitson.

Counsel for the VSB and Respondent presented arguments regarding the sanction to be imposed on Respondent for the Misconduct found, and the Court recessed to deliberate.

## DETERMINATION

After due consideration of the evidence as to mitigation and aggravation and the arguments of counsel, the Court reconvened to announce its sanction of SUSPENSION of Respondent's license to practice law in the Commonwealth of Virginia for a period of TWO (2) YEARS, effective May 16, 2026. In reaching its decision as to sanction, the Court considered aggravating factors, including Respondent's pattern of deceptive conduct, and mitigating factors, including Respondent's lack of a disciplinary history.

Accordingly, it is hereby ORDERED that Respondent's license to practice law in the Commonwealth of Virginia be, and the same hereby is, SUSPENDED for a period of TWO (2) YEARS, effective May 16, 2026.

8

It is further ORDERED that Respondent must comply with the requirements of Part Six, Section IV, Paragraph 13-29 of the Rules of the Supreme Court of Virginia. Respondent must forthwith give notice by certified mail, return receipt requested, of the Suspension of his license to practice law in the Commonwealth of Virginia, to all clients for whom Respondent is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. Respondent must also make appropriate arrangements for the disposition of matters then in Respondent's care in conformity with the wishes of his clients. Respondent must give such notice immediately and in no event later than 14 days from the effective date of the Suspension, and make such arrangements as are required herein as soon as practicable and in no event later than 45 days from the effective date of the Suspension. Respondent must also furnish proof to the VSB within 60 days of the effective date of the Suspension that such notices have been timely given and such arrangements made for the disposition of matters.

It is further ORDERED that, if Respondent is not handling any client matters on the effective date of the Suspension, Respondent must submit an affidavit to that effect to the Clerk of the Disciplinary System of the VSB. Issues concerning the adequacy of the notice and arrangement required by Paragraph 13-29 must be determined by the VSB Disciplinary Board, which may impose a sanction of Suspension or Revocation for failure to comply with these requirements.

It is further ORDERED that the Clerk of the Disciplinary System of the VSB must assess all costs pursuant to Paragraph 13-9.E.

It is further ORDERED that the Clerk must send a copy teste of this order to Philip Loyd Bradfield, Respondent, at 1206 Mallicotte Ln, Newport News, VA 23606-2829; and to Seth T. Shelley, Assistant Bar Counsel, Virginia State Bar, 1111 E. Main St., Suite 700, Richmond, VA

9

23219; and to Joanne Fronfelter, Clerk of the Disciplinary System, Virginia State Bar, 1111 E. Main St., Suite 700, Richmond, VA 23219.

The proceedings were transcribed by Stacy Gonzales, Biggs & Fleet, LLC, 201 East City Hall Avenue, 5th Floor, Norfolk, VA 23510, phone number (757) 622-2049.

This Order is the final judgment of this Court as provided by Rule 5:21(b)(2)(ii) of the Rules of the Supreme Court of Virginia.

ENTERED this __1st__ day of ___May___ 2026

_____
Matthew P. Snow, Chief Judge for the Court

**SEEN AND AGREED:**

_____
Seth T. Shelley (VSB No. 75413)
Assistant Bar Counsel
Virginia State Bar
1111 E. Main St., Suite 700
Richmond, VA 23219
sshelley@vsb.org

**SEEN AND** _Objected to for reasons stated in the record_

_____
Philip Loyd Bradfield (VSB No. 30106)
Respondent, *pro se*
1206 Mallicotte Ln
Newport News, VA 23606-2829
bradfieldinjurylaw@gmail.com